The STATE of Texas, Appellant,

v.

Melissa Beth OGEDA, Appellee.

No. 05–09–00567–CR.

Court of Appeals of Texas,
Dallas.

June 22, 2010.

Katherine A. Drew, Dallas County Public Defender's Office, Dallas, TX, for Appellant.

Anne Wetherholt, Assistant District Attorney, Dallas, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

The State indicted Melissa Beth Ogeda for unlawful possession with intent to deliver a controlled substance. After two hearings, the trial court granted her motion to suppress certain evidence. The State contends on appeal, among other arguments, that the trial court erred by using a subjective standard in making its reasonableness determination and therefore also erred in granting the motion. Concluding the trial court erred in its reasonableness determination, we reverse the trial court's order and remand the cause for further proceedings.

FACTUAL BACKGROUND

At approximately ten o'clock one Sunday morning, appellee and her boyfriend were parked in a car outside an after-hours club when police officers pulled into the parking lot. Appellee and her boyfriend lived together and shared the car. The club was known as a high crime area, and police received complaints about heavy drug activity there. Because the club itself does not sell alcohol, officers often observed people consuming alcohol or engaging in drug activity in their cars before going into the club. Several robberies, sexual assaults, and assaults had occurred in the vicinity. Police often checked the parking lot for illegal or suspicious activity.

The officers observed appellee leaving the driver's seat of the car. She stumbled as she left the car, commenting to her boyfriend to hurry and get out of the car because the "cops" were behind them. The officers saw appellee's boyfriend throw a clear plastic bottle into the passenger-side door panel as he got out of the car and shut the door.

A female officer approached appellee. Appellee appeared nervous and had the odor of alcohol on her breath. Her pupils were constricted and her hands were shaking. She had difficulty answering questions. Appellee denied using alcohol, but she told the officer she used Xanax and was in possession of some other drug. She was still holding the keys to the car in her hand. The officer arrested appellee for public intoxication. The arresting offi-

cer testified that she felt appellee was at risk for committing the offense of driving while intoxicated and was also a danger to herself because the parking lot was a high crime area with an extensive amount of vehicle traffic. The officer stated that she had seen appellee at the same location before. She had previously explained to appellee that if she found her there under the influence of drugs or alcohol again, she would arrest her. Appellee's boyfriend was arrested for public intoxication as well. When a male officer questioned him, he had unsteady balance and his speech was slurred.

After the arrests, officers searched the car incident to the arrests and as an inventory search preceding the car's being towed to the city impound lot. During the search, police found what appeared to be gamma hydroxybutyric acid, or GHB, in the plastic bottle appellee's boyfriend had thrown into the passenger-side door panel. A second plastic bottle containing a clear liquid that appeared to be GHB was found in the center console next to where appellee had been seated. A small amount of drugs was also found in appellee's purse. The public intoxication case against appellee was eventually dismissed.

At the conclusion of the hearing on appellee's motion to suppress, the trial judge initially denied the motion. The judge concluded there was probable cause to justify appellee's arrest and the officers were thereby permitted to search the car incident to the arrest. The judge also concluded, however, that there was no probable cause to justify the arrest of appellee's boyfriend. The judge refrained from making a finding that the search was also proper as an inventory search of the car.

After the United States Supreme Court issued its opinion in *Arizona v. Gant*, —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), narrowing the situations in which

officers are justified in searching actors' cars following their arrest, the trial judge reconsidered his ruling. After hearing argument, the trial judge granted the motion to suppress. The State argued that the officers' subjective intentions in searching the car were not important in determining the objective reasonableness of the search, but the judge rejected this argument, calling it a "theoretical analysis, not a reasonableness question." The judge stated,

If the officer had testified, Yes, I believed there maybe a—a beer bottle, or there might have been an intoxicant, there may have been something in the car and I needed to search that car to determine that, you would be absolutely correct. That ... would be judged under a reasonableness test; however, we don't have that in this case. What you are promulgating is a theoretical. That in theory the cops could have been searching the car to search for an intoxicant. In theory they could have been looking for something. But in this case, the Court just finds that there was no such testimony. There's no evidence to show that that was why they were searching the vehicle.

Based on his findings, on reconsideration, the trial judge granted appellee's motion to suppress.

## DISCUSSION

■ In its first two issues, the State complains that the trial court erred in granting appellee's motion to suppress because it failed to apply an objective standard to the reasonableness test of *Gant*. In *Gant*, the Supreme Court held that police are necessarily authorized to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search. *Id.* at 1719. The Court further held that

circumstances "unique to the vehicle context" justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of the arrest might be found in the vehicle. *Id.* In certain cases, the Court observed, "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id.*

The State contends that in making its determination of whether it was reasonable for the officers to believe evidence of the public intoxication offense might be found in appellee's car, the trial court erred by relying solely on the officers' subjective explanations that they searched the car because they were justified in doing so under existing law. Appellee responds that the objective standard advocated by the State is "applicable primarily to appellate courts in evaluating detentions and applications of the emergency doctrine" and is not the standard applicable to a probable cause to arrest analysis. Both parties agree that this Court must apply a de novo standard of review to the trial court's decision. *See State v. Cullen,* 195 S.W.3d 696, 699 (Tex.Crim.App.2006).

■ The United States Supreme Court has held, "[A]lmost without exception in evaluating alleged violations of the Fourth Amendment, the Court has first undertaken an objective assessment of an officer's actions in light of the facts and circumstances then known to him." *Scott v. United States,* 436 U.S. 128, 137, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). The fact that the officer does not have the state of mind providing the legal justification for her action does not invalidate the action taken, so long as the circumstances, viewed objectively, justify it. *See id.* at 138, 98 S.Ct. 1717.

■ The touchstone of the Fourth Amendment is reasonableness. *Ohio v. Robinette,* 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). Reasonableness must be measured in objective terms by examining the totality of the circumstances. *Id.* An officer's subjective intentions play no role in ordinary probable cause analysis. *Id.* at 38, 117 S.Ct. 417; *see also Gutierrez v. State,* 221 S.W.3d 680, 685 (Tex.Crim.App.2007) (holding that in context of warrantless search, probable cause exists when facts and circumstances within knowledge of officer on scene "would lead a man of reasonable prudence to believe that the instrumentality or evidence of a crime will be found"). Here, the officers on the scene were in an area known for drug use. The officers were aware that people in the parking lot often used drugs or drank alcohol in their cars because they could not buy alcohol in the club. The arresting officer had warned appellee in the past that if the officer found her under the influence of intoxicants in the parking lot again she was going to arrest her. And when the officer encountered appellee, she appeared intoxicated. Moreover, appellee yelled to her boyfriend to hurry up because the police were behind them, just before he threw the plastic bottle into the car.

Our determination of reasonableness "must be based upon commonsense judgments and inferences about human behavior." *See Tanner v. State,* 228 S.W.3d 852, 855(Tex.App.-Austin 2007, no pet.) (quoting *Illinois v. Wardlow,* 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). Based on the totality of the circumstances in this case, we conclude an arresting officer could have reasonably believed that evidence supporting the public intoxication arrest would be found in the car. *See Hill v. State,* 303 S.W.3d 863, 875–76 (Tex.App.-Fort Worth 2009, pet. ref'd).

The trial court erred in granting appellee's motion to suppress. We resolve the

State's first two issues in its favor. Due to our resolution of these issues, we need not address the State's third issue. We reverse the trial court's order granting the motion to suppress and remand the cause for further proceedings.