

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00186-CR

HAIDAR KADHIM SHUKAYE AL-SAADY                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1249107D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Haidar Kadhim Shukaye Al-Saady appeals from his conviction for possession of a controlled substance. In two points, Appellant argues that the trial court erred by denying his pretrial motion to suppress. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I. BACKGROUND

### A. PRETRIAL

On September 14, 2011, Appellant was indicted for the possession of 4 grams or more, but less than 200 grams, of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). On August 12, 2012, Appellant filed a pretrial motion to suppress, arguing that he was arrested and searched without probable cause or a warrant and that his truck was searched without probable cause or a warrant, which required the suppression of the methamphetamine found on Appellant and in his truck. Appellant agreed to have the trial court determine the motion during the trial. *See generally Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) (recognizing pretrial motion to suppress is a specialized admissibility objection that may or may not be heard before trial); *Roberts v. State*, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977) (holding defendant may either file pretrial motion to suppress or wait to object at trial to admission of unlawfully-obtained evidence).

### B. TRIAL AND MOTION TO SUPPRESS

The trial was held on April 24, 2013. Michael Morelli, an aircraft mechanic at Arlington Municipal Airport, testified that on August 2, 2011, he was returning to work after his lunch break. After entering his security code at the gate to drive into a secured area of the airport, Morelli noticed a truck follow him into the restricted area. He parked and walked back to the truck, which had parked directly behind Morelli. The lone occupant of the truck was Appellant, a "Middle

2

Eastern guy" who was sweating,[2] had bloodshot eyes, and was "a little disoriented." Morelli had a difficult time talking to Appellant because of a presumed language barrier. When Morelli asked Appellant what he needed, Appellant said that he was looking for his friend and asked for some water while holding up a Prestone Anti-Freeze gallon jug. Morelli became "uneasy" and left Appellant to alert his supervisors.

When Morelli's supervisors arrived, Appellant asked "if he could get some gasoline" while holding up the Prestone jug. The supervisors immediately told Appellant he had to leave the secured area, left Appellant in his truck, and called "airport authorities." The airport authorities contacted local police. Corporal Dale Horton with the Arlington Police Department was dispatched to the airport to investigate a report that an unauthorized vehicle had entered the airport and had parked in a restricted area. When Horton arrived, Appellant was no longer in the truck, and a witness told him that Appellant had fled to a nearby rental-car building.

Horton found Appellant in the rental-car building and noted that Appellant was "sweating profusely, appeared to be very disoriented," had glassy eyes, and smelled of marijuana. Based on his training and experience, Horton "believed that [Appellant] was on some kind of drug." Horton searched Appellant and found a clear plastic baggie containing .63 grams of methamphetamine, another

---

[2]Morelli stated it was understandable that Appellant was sweating on a hot August day in Texas.

3

clear plastic baggie filled with a "green leafy substance" that Horton believed to be marijuana, and a small marijuana cigarette.  Horton also found a pocket scale with marijuana residue.  Horton arrested Appellant and reported what he had found to other officers at the scene.  Horton then told two officers to secure the airport and separately secure the truck.  Horton left for the jail with Appellant, and Lieutenant Jeff Pugh[3] took "control" of the scene.

Pugh instructed Arlington Officer Brian Hamilton to search Appellant's truck.  Pugh explained to Hamilton that Appellant had driven the truck into a restricted area and was in custody for possession of a controlled substance.  Hamilton and Officer Ray Morales, a police officer for the City of Arlington, searched the truck and found a nylon shaving kit on the floorboard behind the passenger seat, containing Appellant's wallet and a pill bottle for an expired prescription for "Charles Bednar."  Hamilton could see baggies in the bottle.  When he opened the bottle, Hamilton found two empty baggies, one baggie containing 11.48 grams of methamphetamine, and one baggie containing .50 grams of methamphetamine.

During the trial but outside the presence of the jury, Appellant raised his motion to suppress, initially arguing that the drugs found in the truck should be suppressed.  The trial court denied the motion:

---

[3]It appears Pugh was also with the Arlington Police Department.

4

> With the totality of the circumstances involved in this matter, the Court is going to find that the officer did have probable cause to search the vehicle.
>
> Again, this is not a search incident to arrest, but the Court independently finds from all the circumstances involved that probable cause exists for the search of the vehicle.
>
> So I'm going to deny the motion to suppress that's been filed at this time.

Appellant then argued that because Morelli testified that he had seized the drugs from Appellant before the arrest, those drugs and the scale should have been suppressed. The trial court denied that motion as well with no explanatory comments. Appellant did not request findings of fact and conclusions of law, and none were entered. *See generally State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (recognizing trial court must make findings and conclusions regarding motion to suppress upon request of the losing party).

The jury found Appellant guilty, and he elected to have the trial court assess his punishment. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2 (West Supp. 2013). The trial court assessed Appellant's punishment at twelve years' confinement. Appellant filed a notice of appeal and a subsequent motion for new trial. The new-trial motion summarily asserted that the judgment was "contrary to the law and the evidence" and that "the evidence [was] insufficient to establish the Defendant's gu[i]lt." The motion for new trial was overruled by operation of law. *See* Tex. R. App. P. 21.8(c).

5

## II. LEGALITY OF SEARCH AND SEIZURE

In two issues, Appellant argues that the drugs found on him before his arrest and the drugs found in the truck should have been suppressed. Specifically, he contends that (1) the search of his person was not based on probable cause because he was "lawfully in the Enterprise rental car building when he was first accosted by law enforcement" and (2) the search of his truck was not based on probable cause because any probable cause to search Appellant did not extend to Appellant's truck and because there were no facts to support an exception to the warrant requirement.

### A. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's determination of historical fact because it is the sole judge of the credibility and weight of the evidence, but review de novo the trial court's application of the law to those facts. *Amador*, 221 S.W.3d at 673; *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). Because the trial was not requested to enter and did not enter explicit findings of historical fact, we review the evidence in a light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Weide*, 214 S.W.3d at

We then review the trial court's legal ruling de novo. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006). We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 558 U.S. 1093 (2009). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is reasonable is a question of law that we review de novo. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). Reasonableness is measured by examining the totality of the circumstances. *Id.*

7

at 63.  It requires a balancing of the public interest and the individual's right to be free from arbitrary detentions and intrusions.  *Id.*

## B.  SEARCH OF APPELLANT

Appellant argues that there was no probable cause to search him because he was not in the restricted area when he was found and that the search could not have been incident to his arrest because he was searched before he was arrested.   The State seems to agree that there was no warrant to search Appellant and that the burden shifted to the State to establish an exception to the warrant requirement.  *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007) (noting warrantless search of a person may be justified "if police have probable cause coupled with an exigent circumstance, or they have obtained voluntary consent, or they conduct a search incident to a lawful arrest").

The totality of the circumstances showed that Morelli reasonably could have concluded that an offense was or would be committed and that Appellant was in a suspicious place, which is an exception to the warrant requirement for making an arrest.  *See* Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 2013).  Indeed, probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found.  *Dahlem v. State*, 322 S.W.3d 685, 689 (Tex. App.—Fort Worth 2010, pet. ref'd).  At the time Morelli searched Appellant, Morelli knew that Appellant had driven onto a restricted area of the

8

airport, asked for water and gasoline, left his truck unattended, appeared disoriented, and reeked of marijuana. The totality of the circumstances established sufficient probable cause to search Appellant. *See Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (recognizing smell of marijuana emanating from defendant sufficient probable cause to justify search). Further, the facts known to police indicating that Appellant possessed contraband, had prior access to the truck, had left his truck in a restricted area of an airport, and had asked for gasoline—an explosive—established the presence of exigent circumstances that, when coupled with probable cause, sufficiently excused the warrant requirement. *See Foster v. State*, 101 S.W.3d 490, 496 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Perez v. State*, 514 S.W.2d 748, 749 (Tex. Crim. App. 1974); *Fineron v. State*, 201 S.W.3d 361, 366–67 (Tex. App.—El Paso 2006, no pet.). Thus, the State established that the warrantless search of Appellant was reasonable under a well-recognized exception to the warrant requirement.

Additionally, because the totality of the circumstances known by Morelli before the search would have caused a prudent person to believe Appellant, who was found in a suspicious place, had committed or was committing an offense, the search was lawful as incident to the subsequent arrest. *See State v. Ballard*, 987 S.W.2d 889, 893 n.4 (Tex. Crim. App. 1999); 3 Wayne R. LaFave, *Search and Seizure* § 5.4(a) (5th ed. 2012). It is irrelevant that the arrest occurred immediately after the search because sufficient probable cause existed for

Morelli to arrest Appellant before the search. *See Ballard*, 987 S.W.2d at 892;

*Branch v. State*, 335 S.W.3d 893, 901 (Tex. App.—Austin 2011, pet. ref'd), *cert.*

*denied*, 132 S. Ct. 1548 (2012). Because the search was incident to a lawful

arrest supported by probable cause, the State met its burden to establish the

search was reasonable under this exception to the warrant requirement.[4] *See*

*generally Kolb v. State*, 532 S.W.2d 87, 89 n.1 (Tex. Crim. App. 1976) (listing five

exceptions to the warrant requirement, including search incident to a lawful

arrest).

## C. SEARCH OF THE TRUCK

Appellant next contends that the search of his truck was unlawful because

neither exigent circumstances nor any other exception to the warrant requirement

existed. The focus of his argument appears to be that the probable cause

justifying his arrest and the search of his person cannot be extended to justify the

warrantless search of his truck. Once again, the State recognizes that a warrant

was not procured, shifting the burden to the State to establish the

reasonableness of the search under an exception to the warrant requirement.

One exception to the warrant requirement is the so-called automobile

exception. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008), *cert.*

*denied*, 555 U.S. 1154 (2009). Under this exception, if probable cause to search

_____

[4]Indeed, Appellant seems to recognize that the search of his person was lawful by acknowledging the presence of articulable facts indicating Appellant had committed criminal trespass and appeared to be intoxicated.

10

a vehicle exists, a showing of exigent circumstances authorizing a warrantless search is not required. *Id.* at 283 & n.68; *see Arizona v. Gant*, 556 U.S. 332, 347, 129 S. Ct. 1710, 1721 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, [Court precedent] authorizes a [broad] search of any area of the vehicle in which the evidence might be found."); *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009) ("Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband.").

The totality of the circumstances shows that probable cause existed to justify the search of Appellant's truck: Appellant had parked his truck in a restricted area of the airport, asked for water and gasoline, left his truck unattended after being told to move it, and was noticeably under the influence of drugs.[5] The facts within the knowledge of the officers would have led them to believe the instrumentalities of a crime would be discovered in the truck. *Cf. State v. Ogeda*, 315 S.W.3d 664, 667 (Tex. App.—Dallas 2010, pet. ref'd)

---

[5]We note that even if exigent circumstances were required to justify the search of the truck, these facts would certainly establish such an emergency. A disoriented person leaving a truck unattended in a restricted area of an airport after asking for gasoline would indicate such an emergency and a possible public danger justifying a search of the truck. *See United States v. Boettger*, 71 F.3d 1410, 1413–17 (8th Cir. 1995); *Miller v. State*, 815 S.W.2d 805, 810–11 (Tex. App.—Austin 1991, pet. ref'd); 3 LaFave, *supra*, at § 7.4(c).

(delineating facts supporting probable cause to justify search of car without a warrant based on defendant's public intoxication).

### III.  CONCLUSION

Implying the necessary fact findings that would support the trial court's rulings and reviewing the legal rulings de novo, we conclude that the State met its burden to justify the warrantless searches of Appellant and his truck.  Thus, the motion to suppress was correctly denied.  We overrule Appellant's issues and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).


/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 17, 2014