

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00406-CR

Ryan Monroe **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-1657-CR-B
Honorable Gary L. Steel, Judge Presiding

Opinion by:　Irene Rios, Justice

Sitting:　　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice
　　　　　　Irene Rios, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

　　　Ryan Monroe Jackson was indicted on one count of aggravated sexual assault of a child and two counts of indecency with a child. After the trial court denied his motion to suppress, Jackson entered into a plea bargain agreement with the State. Jackson then pled guilty to aggravated sexual assault of a child and the trial court sentenced him to fifteen years in prison. On appeal, Jackson contends the trial court erred in denying his motion to suppress. We affirm.

**BACKGROUND**

Law enforcement officers obtained a warrant for Jackson's arrest for aggravated sexual assault of a child. On the day of his arrest, Jackson drove an eighteen-wheel truck into a gas station, where law enforcement officers were waiting for him. Jackson exited the truck's cab and was arrested. Shortly after Jackson's arrest, one of the officers seized three cell phones from the truck's cab. Jackson filed a motion to suppress, complaining of the warrantless seizure of the three cell phones.

At the suppression hearing, the State called Robert Murphy, an investigator for the Guadalupe County Sheriff's Office ("GCSO"). Investigator Murphy testified he had investigated the allegations against Jackson and had obtained an arrest warrant authorizing Jackson's arrest for aggravated sexual assault of a child. Investigator Murphy knew from his training and experience that cell phones can contain evidence related to crimes like aggravated sexual assault of a child. Specifically, cell phones can contain relevant text messages, social media posts, photographs, videos, and Internet searches. In this case, Investigator Murphy had obtained information that this type of evidence, specifically text messages relevant to the aggravated sexual assault of a child, might be on Jackson's cell phones. Prior to Jackson's arrest, Investigator Murphy advised the patrol deputies assigned to execute the arrest warrant that Jackson might be in possession of multiple cell phones and he asked them to seize these cell phones when they executed the arrest warrant.

The State also called the arresting deputy, Matthew Burdick, who was a member of the GCSO patrol unit. Deputy Burdick testified he was told, prior to Jackson's arrest, about the need to seize Jackson's cell phones because they might contain evidence of aggravated sexual assault of a child. Deputy Burdick arrived at the gas station as Jackson was exiting the truck's cab. Deputy Burdick handcuffed Jackson and placed him in the back of a patrol car. Other officers at the scene

told Deputy Burdick that Jackson's personal belongings—his cell phones and keys—were located on the passenger seat of the truck and they instructed Deputy Burdick to retrieve them. Deputy Burdick entered the front passenger area of the truck's cab and saw three cell phones and a set of keys in plain view. Deputy Burdick removed the cell phones and keys from the truck's cab and secured them in the GCSO evidence locker.[1]

The trial court denied Jackson's motion to suppress and issued findings of fact and conclusions of law. Jackson and the State entered into a plea bargain agreement in which Jackson pled guilty to aggravated sexual assault and the State dropped the remaining charges. The trial court accepted the plea, sentenced Jackson to fifteen years in prison, and certified that Jackson had the right to appeal the suppression ruling. *See* TEX. R. APP. P. 25.2(a)(2)(A). This appeal followed.

## ANALYSIS

In a single issue, Jackson contends the trial court erred in denying his motion to suppress, arguing the warrantless seizure of the cell phones from the truck's cab violated his rights under the federal and state constitutions. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. The State contends the trial court did not err because the cell phones were lawfully seized under the search incident to arrest exception to the warrant requirement.

### *Standard of Review and Applicable Law*

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). We give almost total deference to the trial court's findings of historical fact and to determinations of mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Id*. This is because at a suppression

---

[1]Deputy Burdick further testified that because Jackson did not own the truck, another officer contacted the truck's owner, who asked the officer to secure the truck and leave it in the gas station parking lot. Deputy Burdick said it was common practice for officers to remove valuable items from a vehicle prior to securing it and leaving it at a scene.

hearing the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). We review de novo a trial court's determination of legal questions as well as mixed questions of law and fact that do not depend upon credibility and demeanor. *Sims*, 569 S.W.3d at 640.

When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017). "The winning side is afforded the strongest legitimate view of the evidence as well as all reasonable inferences that can be derived from it." *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013) (internal quotations omitted). We then conduct a de novo determination of the legal significance of the facts found by the trial court, including the determination of whether a specific search or seizure was reasonable. *Rodriguez*, 521 S.W.3d at 8. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *Sims*, 569 S.W.3d at 640.

When a defendant seeks to suppress evidence based on Fourth Amendment grounds, he has the initial burden of proving law enforcement officers conducted a warrantless search. *State v. Garcia*, 569 S.W.3d 142, 148 (Tex. Crim. App. 2018). However, when, as here, the State concedes the absence of a search warrant, the burden is on the State to prove an exception to the warrant requirement. *See id.*

The Fourth Amendment to the United States Constitution and Article I, § 9 of the Texas Constitution protect individuals against unreasonable searches and seizures by law enforcement officers.[2] U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Guerra v. State*, 432 S.W.3d 905, 911

---

[2]Because Jackson does not argue Article I, § 9 provides greater protection than the Fourth Amendment, we analyze this issue under the Fourth Amendment only. *See Flores v. State*, 319 S.W.3d 697, 702 n.8 (Tex. Crim. App. 2010)

(Tex. Crim. App. 2014). The touchstone of the Fourth Amendment is reasonableness, which we measure in objective terms by examining the totality of the circumstances. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996); *State v. Weaver*, 349 S.W.3d 521, 526 (Tex. Crim. App. 2011). We base determinations of reasonableness on "commonsense judgments and inferences about human behavior." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000); *State v. Ogeda*, 315 S.W.3d 664, 667 (Tex. App.—Dallas 2010, pet. ref'd).

A warrantless search is per se unreasonable unless it falls within a recognized exception to the warrant requirement. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017). One well-recognized exception to the search warrant requirement is a search incident to a lawful arrest. *Gant*, 556 U.S. at 338. Under this exception, law enforcement officers may search a vehicle incident to a recent occupant's arrest when: (1) the arrestee is unsecured and within reaching distance of the passenger compartment of the vehicle at the time of the search, or (2) it is reasonable to believe the vehicle contains evidence of the offense of arrest. *Id*. at 351; *State v. Sanchez*, 538 S.W.3d 545, 548 (Tex. Crim. App. 2017). Under the second scenario, the offense of arrest supplies the basis for searching the passenger compartment of the arrestee's vehicle. *Gant*, 556 U.S. at 344; *Sanchez*, 538 S.W.3d at 549. "[C]ircumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Gant*, 556 U.S. at 335. Thus, if the officer has a reasonable belief that an arrestee's vehicle may contain evidence relevant to the crime for which he was arrested, the search incident to arrest exception to the warrant requirement is satisfied. *Id*. at 344; *Sanchez*, 538 S.W.3d at 549.

---

(resolving case under the Fourth Amendment only when the appellant never argued that Article I, § 9 provided more protection that the Fourth Amendment).

*Application*

Jackson challenges the seizure of the cell phones found in the truck cab at the time of his arrest.[3] Jackson contends the arresting officer "simply chose to confiscate [the cell phones] as part of a fishing expedition." Jackson further contends the trial court's decision to deny his motion to suppress "is contrary to *Gant* and all other caselaw." We disagree. In our view, this case falls neatly within the evidentiary search incident to arrest exception explained in *Gant*.

In its findings of fact and conclusions of law, the trial court found:

- Prior to the execution of the arrest warrant, Investigator Murphy advised those who would be executing the warrant that Jackson's cell phone contained evidence of aggravated sexual assault of a child;

- Investigator Murphy had specific information that Jackson's cell phone contained evidence relevant to the offense of aggravated sexual assault of a child—the offense for which Jackson was arrested; and

- Deputy Burdick reasonably believed the truck's cab contained a cell phone, which was evidence of the offense for which Jackson was arrested.

After reviewing the suppression hearing testimony in the light most favorable to the trial court's ruling, we conclude these findings are supported by the evidence. *See Rodriguez*, 521 S.W.3d at 8. Based on its findings, the trial court concluded that the seizure of Jackson's cell phones from the truck's cab at the time of Jackson's arrest was lawful under the search incident to arrest exception to the warrant requirement. We review this legal conclusion de novo. *See id*.

In conducting our review, we determine whether, based on the totality of the circumstances, it was reasonable for Deputy Burdick to believe the truck's cab contained evidence related to the arrest offense. In evaluating reasonableness, we make "commonsense judgments and inferences about human behavior." *Wardlow*, 528 U.S. at 125; *Ogeda*, 315 S.W.3d. at 667. The suppression hearing evidence showed that during his investigation Investigator Murphy had obtained specific

---

[3]The State obtained a warrant to search the contents of the cell phones.

information that Jackson's cell phones contained text messages related to the aggravated sexual assault of a child and, as a result, he had asked the arresting officers to seize Jackson's cell phones when they executed the arrest warrant. *See State v. Martinez*, 569 S.W.3d 621, 626-27 (Tex. Crim. App. 2019) (explaining that under "collective knowledge" doctrine, when several officers are cooperating, their cumulative information may be considered in assessing reasonable suspicion or probable cause). At the time of Jackson's arrest, other officers on the scene told Deputy Burdick that cell phones and keys were on the passenger's seat in the truck's cab. Additionally, because Jackson had just exited the truck's cab, it was likely that his cell phones would be there. As the Supreme Court has recognized, the use of cell phones in our society is pervasive. *Riley v. California*, 573 U.S. 373, 395 (2014). "[I]t is the person who is not carrying a cell phone, with all that it contains, who is the exception." *Id*. "According to one poll, nearly three-quarters of smart phone users report being within five feet of their phones most of the time . . . ." *Id*. Based on the totality of the circumstances, we conclude it was reasonable for Deputy Burdick to believe that Jackson's cell phones, which were evidence related to the arrest offense, were located in the truck's cab. *See Daves v. State*, 327 S.W.3d 289, 293 (Tex. App.—Eastland 2010, no pet.) (concluding seizure of items in a passenger compartment was lawful when the driver was arrested for possession of narcotics paraphernalia and it was reasonable for the officer to believe the vehicle contained evidence related to that offense); *Ogeda*, 315 S.W.3d at 667 (concluding that, based on the totality of the circumstances, the arresting officer could have reasonably believed that evidence supporting a public intoxication arrest would be found in the car). We hold the cell phones were lawfully seized in accordance with the search incident to arrest exception to the warrant requirement.

## CONCLUSION

The trial court did not err in denying Jackson's motion to suppress. The trial court's judgment is affirmed.

Irene Rios, Justice

Do not publish