

**NUMBER 13-15-00288-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE STATE OF TEXAS,**                                          **Appellant,**

**v.**

**REINALDO SANCHEZ,**                                          **Appellee.**

---

### On appeal from the 206th District Court of Hidalgo County, Texas.

---

# OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Opinion by Justice Longoria**

The State challenges the trial court's order granting appellee Reinaldo Sanchez's motion to suppress in two issues. We affirm.

## I. BACKGROUND

At approximately 5:00 a.m. on April 26, 2015, Officer Mariel Martinez of the McAllen Police Department was driving down Nolana Avenue in McAllen when she noticed a jeep parked with the driver's side door "wide open." Officer Martinez decided to investigate because of the open door, the deserted location, and because there had recently been a series of vehicle burglaries in the area. Officer Martinez called for backup when she noticed a man in the driver's seat.

Officer O.T. DeLeon soon arrived to assist her. The two officers woke the man in the driver's seat by calling out to him. The man stepped out of the car and identified himself as Sanchez. Sanchez had no form of identification but told the officers in response to questioning that he had outstanding warrants for traffic violations. Officer Martinez called into dispatch and confirmed that a man with Sanchez's birthdate did have outstanding warrants for traffic violations. The trial court specifically found that Officer Martinez then "told [Sanchez] he was under arrest for the traffic warrants." The trial court also found that Officer Martinez placed Sanchez in handcuffs and performed a pat-down search. The search of his person disclosed two small baggies of cocaine hidden inside a package of cigarettes.

We quote from the trial court's findings of fact to describe the remainder of the encounter:

12. Officer M. Martinez testified that the Defendant kept staring at his own vehicle while his person was being searched.

13. Officer M. Martinez then walked towards the Defendant's vehicle and searched it.

14. Officer M. Martinez and Officer O. De Leon did not request or receive the Defendant's consent to search his vehicle.

2

15. Officer M. Martinez and Officer O. De Leon did not attempt to procure a warrant for the search of the Defendant's vehicle.

16. Officer O. De Leon remained standing next to the handcuffed Defendant and guarded him while Officer M. Martinez conducted the vehicular search.

17. During the vehicular search, Officer M. Martinez picked up a shirt from the passenger side seat. A black pouch fell out of the shirt. The police officer opened the black pouch and saw that it contained a white powdery substance.

18. The suspected contraband was field tested and indicated that the substance was cocaine.

19. Officer Martinez informed the Defendant that he was under arrest for the local warrants and the alleged contraband found in his vehicle.[1]

20. Officer M. Martinez and Officer O. De Leon testified that the Defendant was secured and not within reaching distance of any items including the contraband located in his vehicle at the time that the search was conducted. *Arizona v. Gant*, 556 U.S. 332, 343 (2009).

. . . . [2]

23. Testimony that the search of the Defendant's vehicle was conducted incident to the Defendant's arrest for the officer's safety is not credible because Defendant posed no threat or risk of threat to the officer's safety since he was handcuffed behind his back and under the guard of a police officer, and at a distance from the searched vehicle.

Sanchez filed a pretrial motion to suppress asking the trial court to suppress the cocaine because he was arrested without probable cause and the search of his vehicle was not a valid search incident to arrest. Following a hearing, the trial court denied the

---

[1] We note that finding of fact nineteen is not supported by the record. Officer Martinez testified that she arrested Sanchez for the outstanding traffic warrants. Officer Martinez did not mention cocaine possession in that part of her testimony. However, Officer Martinez did testify that after the search of Sanchez's vehicle, Sanchez "was then transported to our jail section, and he was, you know, then charged with the possession."

[2] We have omitted two findings of fact which are relevant only to whether the search of the vehicle was a valid inventory search. The State raised the inventory-search exception in the trial court but does not mention it on appeal.

motion as to the cocaine in the pack of cigarettes but granted it as to the cocaine found

in Sanchez's vehicle. The trial court filed the following conclusions of law at the State's

request:

1. The officer's search of the Defendant's vehicle was conducted without a warrant.

2. The officer's search of the vehicle was conducted without Defendant's consent and without exigent circumstances at the time of the Defendant's arrest.

3. The officer did not have probable cause to believe that the vehicle contained evidence of a crime before the search of the Defendant's vehicle.

4. There was no probable cause to justify seizure of Defendant's vehicle at the scene of Defendant's arrest before the search of his vehicle.

5. Because the Defendant was secure with handcuffs behind his back and with an officer standing guard by his side, no danger existed to justify a full search of the vehicle.

6. There existed no reason to believe that evidence of the traffic violations for which there was a warrant authorizing the Defendant's arrest by the police officers, might be found in the vehicle. *Arizona v. Gant,* 556 U.S. 332, 343 (2009).

7. The search of the defendant's vehicle was not justified as a search incident to his traffic warrants arrest.

8. The search of the Defendant's vehicle was not justified by law and constituted a violation of the warrant clause of the Fourth Amendment to the United States Constitution.

9. The search of the vehicle was not justified by law and constituted a violation of Article I, Section 10 of the Texas Constitution.

10. The search of the vehicle which yielded the alleged contraband did not constitute a valid inventory search.

11. All evidence found as a result of the search of the vehicle is tainted, and is therefore suppressed.

This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West,

4

Westlaw through 2015 R.S.) (authorizing an interlocutory appeal by the State of a trial court order granting a motion to suppress).

## II. DISCUSSION

The State argues in two issues that: (1) the trial court abused its discretion in suppressing the cocaine in Sanchez's vehicle because Officer Martinez found it during a valid search incident to arrest, and (2) alternatively, the trial court's findings do not fully set out the basis for its ruling.

### A. Suppression of Cocaine in Sanchez's Vehicle

The State argues under its first issue that Officer Martinez discovered the cocaine pursuant to a valid search incident to arrest.

#### 1. Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion, using a bifurcated standard of review. *Weems v. State*, No. PD-0635-14, ___ S.W.3d. ___, ___, 2016 WL 2997333, at *2 (Tex. Crim. App. May 25, 2016). We give almost total deference to the trial court when it determines historical facts or mixed questions of law and fact which rely upon the credibility of a witness. *Id.* In this context, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* However, we review *de novo* all questions of law and mixed questions that do not depend on credibility determinations. *Id.* We will uphold the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *State v. Pena*, 464 S.W.3d 389, 395 (Tex. App.—Corpus Christi 2014, pet. ref'd).

#### 2. Applicable Law

The Fourth Amendment to the United States Constitution prohibits the government

from violating the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. As the text suggests, the touchstone of the Fourth Amendment is "reasonableness." *Riley v. California*, ___ U.S. ___, ___, 134 S. Ct. 2473, 2482 (2014). When the government undertakes a search for the purpose of furthering a criminal investigation, "reasonableness generally requires the obtaining of a judicial warrant." *Id.* (internal quotation marks omitted). A search undertaken without a warrant is reasonable only if it falls within one of the specific and well-defined exceptions to the warrant requirement. *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014).

The exception relevant here is for a search incident to arrest. This exception permits a warrantless search if it is "substantially contemporaneous" to an arrest and "confined to the area within the immediate control of the arrestee." *Id.* at 807; *see State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014). The United States Supreme Court has construed the phrase "area within the immediate control" as the "area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Gant*, 556 U.S. at 339 (citing *Chimel v. California*, 395 U.S. 752, 763 (1969)). The Supreme Court's construction ensures that the scope of a search incident to arrest is commensurate with the justifications for permitting it: ensuring the safety of the arresting officer and the need to preserve evidence from destruction. *Granville*, 423 S.W.3d at 410. "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 556 U.S. at 339.

The United States Supreme Court first considered how to apply the search-incident-to-arrest exception to the occupant of an automobile in *New York v. Belton*, 453

6

U.S. 454, 460 (1981). The Court held there that when a police officer arrests the occupant of an automobile, the officer "may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* (internal footnotes omitted). Later, in *Thornton v. United States*, the Court extended its holding in *Belton* to apply to recent occupants of an automobile. 541 U.S. 615, 623–24 (2004). However, in the time between *Belton* and *Thornton*, lower courts read *Belton* broadly as allowing warrantless searches of automobiles even when the arrestee was no longer present at the scene or was restrained out of reach of the vehicle at the time of the search. *See id.* at 628 (Scalia, J., concurring) (collecting cases with similar factual scenarios). After *Thornton*, the Court restricted the breadth of the search-incident-to-arrest exception in *Arizona v. Gant. See* 556 U.S. at 343. The Court held that the rationale behind the search-incident-to-arrest exception authorizes a search of a vehicle "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* The Court recognized an exception for cases where it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (citing *Thornton*, 541 U.S. at 632 (Scalia, J., concurring)). However, the Court cautioned that in many cases, such as "when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence." *Id.*

### 3. Analysis

The State does not dispute the trial court's findings and conclusions that Sanchez was secured out of reach of the vehicle at the time of the search. The State contests only the conclusion that there was "no reason to believe that evidence of the traffic violations for which there was a warrant authorizing the Defendant's arrest by the police officers, might be found in the vehicle." The State argues that the trial court misapplied *Gant*

7

because Sanchez was under arrest for drug possession like the defendant in *Thornton* as soon as Officer Martinez found the cocaine on his person. *See* 541 U.S. at 618. According to the State, Officer Martinez therefore had a reasonable probability of finding evidence in the vehicle of one of the offenses for which Sanchez was arrested because Sanchez had just been inside the vehicle a few moments beforehand. The State construes the trial court's findings as impliedly supporting its argument because the trial court impliedly concluded that the cocaine in the package of cigarettes was discovered as a result of a legal search because it denied the motion to suppress regarding that cocaine. Sanchez replies that *Thornton* was decided before *Gant*, and *Gant* clearly limited the reach of *Thornton*.

We agree with Sanchez to the extent that the search of his vehicle cannot be justified as a search incident to his arrest. The State is correct that the trial court impliedly concluded that the pat-down search which disclosed the cocaine in the package of cigarettes was legal. However, the question at issue here is not whether the search of his person was legal but whether there was a reasonable probability that the vehicle contained evidence relevant to the offense for which he was arrested. *See Gant*, 556 U.S. at 343. Whatever the status of *Thornton* as precedent, it provides no help to the State in this regard. The defendant in *Thornton* told the officer questioning him that he was carrying drugs on his person before he was placed under arrest. *See id.* at 344 (citing *Thornton* as an example of a case in which "the offense of arrest will supply a basis for searching" the vehicle of a recent arrestee). The *Thornton* Court gave no indication that the arresting officer discovered the cocaine after the arrest or, if so, that the offense of arrest changed. *See generally Thornton*, 541 U.S. at 619–24. The State cites to no authority where a search incident to arrest disclosed evidence of a new offense and that

8

offense was retroactively deemed the reason for the arrest, and we have found none.

The absence of authority in support of the State's argument is not surprising because the United States Supreme Court explicitly stated in *Gant* that its holding in that case did not diminish any of the other exceptions to the warrant requirement that might permit the warrantless search of an automobile. *See Gant*, 556 U.S. at 346. The Court reiterated there that the automobile exception, for example, permits an officer to search a vehicle whenever it is mobile and he has probable cause to believe the vehicle contains evidence of criminal activity. *See id.* at 347 (citing *United States v. Ross*, 456 U.S. 798, 820–21 (1982)). Furthermore, the justifications behind a search pursuant to the automobile exception "allow[ ] searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader" than that allowed by the search-incident-to-arrest exception. *Id.* Texas courts have followed *Gant* and evaluated the search of a vehicle that occurred soon after an arrest under other exceptions to the warrant requirement. *See, e.g., Barnes v. State*, 424 S.W.3d 218, 225 (Tex. App.—Amarillo 2014, no pet.) (holding that *"Gant* did not diminish the automobile exception" and addressing under that exception the search of a vehicle following an arrest).

We have found no support for the State's argument that Sanchez was under arrest for possession of cocaine at the time Officer Martinez searched his vehicle. To the contrary, the record before us supports the trial court's view that, at the time of the search, Sanchez was arrested only on the outstanding warrants for traffic violations, and we must defer to that determination. *See Pena*, 464 S.W.3d at 395. Furthermore, we may not rely on the automobile exception to validate the search because the State did not raise the

exception in its brief to this Court.[3]  *See State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011) (holding that it is the State's burden to demonstrate that a warrantless search fits into an exception to the warrant requirement).  We overrule the State's first issue.

## B.  Adequacy of the Findings and Conclusions

The State argues in its second issue that if we disagree that the court's findings implicitly support its argument we should abate for the trial court to enter supplemental findings and conclusions.  The State contedns that if we disagree with the argument under its first issue, then the current ones are incomplete because they "do not address the search and seizure of the cocaine on [Sanchez's] person."  Sanchez counters that the trial court's findings and conclusions adequately lay out the reasons for its ruling.

We agree with Sanchez.  On request of the losing party in a motion to suppress, the trial court must "state its essential findings," meaning "that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."  *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).  Our review in this case is limited to whether the trial court's ruling granting the motion to suppress the cocaine found in Sanchez's vehicle was correct; Sanchez may not challenge the denial of his motion to suppress the cocaine found on his person until a direct appeal if he is convicted.  *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam); *see also Davis v. State*, No. 14-14-00456-CR, 2014 WL 4088549, at *1 (Tex. App.—Houston [14th Dist.]

---

[3] We note that even though the State explicitly challenged conclusion of law number six, it did not address conclusion number three, which reads: "[t]he officer did not have probable cause to believe that the vehicle contained evidence of a crime before the search of the Defendant's vehicle."

Aug. 19, 2014, no pet.) (per curiam) (mem. op., not designated for publication). The trial court's findings and conclusions were adequate for the purpose of evaluating the court's ruling. We deny the State's request to abate and overrule its second issue.

### III. CONCLUSION

We affirm the trial court's order.

Nora L. Longoria
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.