

## NUMBER 13-15-00288-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                                         **Appellant,**

**v.**

**REINALDO SANCHEZ,**                                                          **Appellee.**

### On appeal from the 206th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Contreras and Longoria**
**Memorandum Opinion on Remand by Justice Longoria**

Appellee Reinaldo Sanchez moved to suppress drugs that were discovered in his Jeep after he was arrested for outstanding warrants. The trial court suppressed the drugs located in the vehicle, and the State appealed. In 2016, we affirmed the trial court's granting of the motion to suppress, reasoning that the search of the vehicle was not a

valid search incident to arrest. *See State v. Sanchez*, 501 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2016), *rev'd*, PD-1037-16, 2017 WL 4273603, at *1 (Tex. Crim. App. Sept. 27, 2017). The Texas Court of Criminal Appeals reversed and remanded to us. We reverse and remand.

## I. BACKGROUND

At the motion to suppress hearing, Officer Mariel Martinez testified to the following: at 5:12 in the morning, she observed a Jeep parked on a grassy area next to a bar, with the driver's door open and the engine turned off. As she approached the Jeep, she saw Sanchez asleep in the driver's seat. Officer Martinez woke Sanchez up by calling out to him and began asking him questions. During a check of his identity with dispatch, she discovered that he had several local traffic warrants for his arrest. Officer Martinez told Sanchez that he was under arrest for the traffic warrants. She searched his person and found a cigarette box containing two small baggies of a white powdery substance that, in her experience, appeared to be cocaine. During the search of his person, Sanchez kept staring at his own vehicle. After discovering the baggies on his person, Officer Martinez searched his Jeep. During this search, Officer Martinez picked up a shirt from the passenger seat, and a dark-colored pouch fell out. The pouch contained a baggie of what appeared to be cocaine. A field test for cocaine returned a positive result.

Sanchez filed a motion to suppress. The trial court denied the motion as to the evidence found on his person but granted the motion as to the evidence found in the Jeep. The trial court's findings of fact relate only to the portion of the motion that was granted and do not refer to what evidence was discovered in the search of Appellee's person. In its conclusions of law, the trial court stated, among other things:

3. The officer did not have probable cause to believe that the vehicle contained evidence of a crime before the search of the Defendant's vehicle.

. . .

6. There existed no reason to believe that evidence of the traffic violations for which there was a warrant authorizing the Defendant's arrest by the police officer, might be found in the vehicle.

7. The search of the Defendant's vehicle was not justified as a search incident to his traffic warrants arrest.

8. The search of the Defendant's vehicle was not justified by law and constituted a violation of the warrant clause of the Fourth Amendment to the United States Constitution.

We affirmed the decision of the trial court, holding that the search of the Jeep was an invalid search incident to arrest because "at the time of the search, Sanchez was arrested only on the outstanding warrants for traffic violations." *Sanchez*, 501 S.W.3d at 171. Thus, we reasoned, it was not reasonable for Officer Martinez to believe that further evidence relevant to the traffic offenses would be discovered in the Jeep. *See id.* The State appealed to the court of criminal appeals, which reversed our decision. *See Sanchez*, 2017 WL 4273603, at *5 ("[D]iscovery of drugs on a suspect's person, after an arrest on traffic warrants but before the search of the suspect's vehicle, can supply a new basis for arrest that would justify search of the vehicle as a search incident to arrest."). The court then remanded to us for proceedings consistent with their opinion.

## II. DISCUSSION

The State argues that: (1) the trial court abused its discretion in suppressing the cocaine in Sanchez's vehicle because Officer Martinez found it during a valid search incident to arrest, and (2) alternatively, the trial court's findings do not fully set out the basis for its ruling.

3

## A. Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion, using a bifurcated standard of review. *Weems v. State*, 493 S.W.3d 574, 577 (Tex. Crim. App. 2016). We give almost total deference to the trial court when it determines historical facts or mixed questions of law and fact which rely upon the credibility of a witness. *See id.* In this context, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *See id.* However, we review de novo all questions of law and mixed questions that do not depend on credibility determinations. *See id.* We will uphold the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *See State v. Pena*, 464 S.W.3d 389, 395 (Tex. App.—Corpus Christi 2014, pet. ref'd).

## B. Applicable Law

The Fourth Amendment to the United States Constitution prohibits the government from violating the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. As the text suggests, the touchstone of the Fourth Amendment is "reasonableness." *Riley v. California*, 134 S. Ct. 2473, 2478 (2014). When the government undertakes a search for the purpose of furthering a criminal investigation, "reasonableness generally requires the obtaining of a judicial warrant." *Id.* (internal quotation marks omitted). A search undertaken without a warrant is reasonable only if it falls within one of the specific and well-defined exceptions to the warrant requirement. *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014).

The exception relevant here is for a search incident to arrest. This exception permits a warrantless search if it is "substantially contemporaneous" to an arrest and "confined to the area within the immediate control of the arrestee." *Id.* at 807; *see State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014). The United States Supreme Court has construed the phrase "area within the immediate control" as the "area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 339 (2009) (citing *Chimel v. California*, 395 U.S. 752, 763 (1969)). The Supreme Court's construction ensures that the scope of a search incident to arrest is commensurate with the justifications for permitting it: ensuring the safety of the arresting officer and the need to preserve evidence from destruction. *Granville*, 423 S.W.3d at 410. "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 556 U.S. at 339. However, the Court recognized an exception for cases where it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (citing *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring)).

## C. Analysis

In the original appeal, we concluded that the search of the Jeep was not a valid search incident to arrest; we reached that conclusion because there was no "reasonable probability that the vehicle contained evidence relevant to the offense *for which he was arrested.*" *Sanchez*, 501 S.W.3d at 170 (emphasis added). We concluded that the

5

discovery of a new crime could not justify a search for evidence of the new crime. *See id.* However, the court of criminal appeals stated that our decision was

> at odds with the facts in *Thornton* and with the law associated with searches incident to arrest. As in the present case, *Thornton* involved three offenses (or groups of offenses): (1) the traffic offense or offenses that resulted in the defendant's seizure, (2) another offense or group of offenses discovered as a result of evidence found on the defendant's person, and (3) a third offense or group of offenses discovered in a search of the defendant's vehicle incident to arrest. In both cases, the first offenses involved traffic violations, and the second offenses involved illegal drugs. Given that both cases involved the discovery of illegal drugs on the defendant's person before the search of his vehicle, it would seem to follow that Justice Scalia's observation in *Thornton* applies to the present case: it was reasonable for the officer to believe that "further contraband or similar evidence relevant to the crime . . . might be found in the vehicle from which he had just alighted."

*Sanchez*, 2017 WL 4273603, at *4. Furthermore, the court of criminal appeals concluded that "[a]s long as there is probable cause to arrest for the newly-discovered offense, and the search occurs close in time to the defendant's formal arrest, an officer may conduct a search incident to arrest on the basis of an offense discovered after formal arrest for a different crime." *Id.* at *5.

Applying this analysis, we conclude that the trial court abused its discretion in granting Sanchez's motion to suppress concerning the drugs located in his Jeep. Even though Sanchez was originally arrested for the outstanding warrants related to traffic offenses, a search incident to arrest of his Jeep was justified based on the drugs that Officer Martinez legally located on Sanchez's person during the pat down. *See id.* at *5; *see also Thornton*, 541 U.S. at 620. In other words, the discovery of drugs on Sanchez's person, after he was arrested on traffic warrants but before his Jeep was searched, supplied a new basis for arrest that justified a search incident to arrest of his Jeep. *See Sanchez*, 2017 WL 4273603, at *1.

6

We sustain the State's first issue.  Because we sustain the State's first issue, we need not address its second issue.  TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the trial court's order granting the motion to suppress and remand to the trial court for further proceedings in accordance with this opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of April, 2018.