

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1037-16

### THE STATE OF TEXAS

### v.

### REINALDO SANCHEZ, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

**KELLER, P.J., delivered the opinion for a unanimous Court.**

During a traffic stop, Appellee was arrested for outstanding warrants. During that arrest, the officer searched Appellee's person and discovered illegal drugs. The officer then searched Appellee's Jeep and discovered more illegal drugs. The courts below held that the search of the Jeep was not a valid search incident to arrest because there was no reason to believe that the Jeep contained evidence relating to the outstanding warrants for which Appellee had been arrested. The court of appeals further held that the discovery of the illegal drugs on Appellee's person could not supply a new basis for arrest, for the purpose of conducting a search incident to arrest, that would

justify the search of the Jeep. We disagree and hold that discovery of drugs on a suspect's person, after an arrest on traffic warrants but before the search of the suspect's vehicle, can supply a new basis for arrest that would justify search of the vehicle as a search incident to arrest. Consequently, we reverse the judgment of the court of appeals.

## I. BACKGROUND

### A. The Incident

At the motion to suppress hearing, Officer Mariel Martinez testified to the following:[1] At 5:12 in the morning, she observed a Jeep parked on a grassy area next to a bar, with the driver's door open and the engine turned off. As she approached the Jeep, she saw Appellee asleep in the driver's seat. Officer Martinez woke Appellee up by calling out to him and began asking questions. During a check of Appellee's identity with dispatch, she discovered that Appellee had several local traffic warrants for his arrest. Officer Martinez then told Appellee that he was under arrest for the traffic warrants. She then searched Appellee's person and found a cigarette box containing two small baggies of a white powdery substance that, in the officer's experience, appeared to be cocaine. During the search of his person, Appellee kept staring at his own vehicle. After discovering the baggies on Appellee's person, Officer Martinez searched Appellee's Jeep. During this search, Officer Martinez picked up a shirt from the passenger seat, and a dark-colored pouch fell out. The pouch contained a baggie of what appeared to be cocaine. A field test for cocaine returned a positive result.

### B. Trial Proceedings

---

[1] Another officer assisted as backup, but we do not detail that officer's actions because they are not relevant to the issue before us.

Appellee filed a motion to suppress. The trial court denied the motion as to the evidence found on Appellee's person but granted the motion as to the evidence found in the Jeep. The trial court's findings of fact relate only to the portion of the motion that was granted and do not refer to what evidence was discovered in the search of Appellee's person.[2]

In its conclusions of law, the trial court stated, among other things:

3. The officer did not have probable cause to believe that the vehicle contained evidence of a crime before the search of the Defendant's vehicle.

* * *

6. There existed no reason to believe that evidence of the traffic violations for which there was a warrant authorizing the Defendant's arrest by the police officer, might be found in the vehicle.

7. The search of the Defendant's vehicle was not justified as a search incident to his traffic warrants arrest.

8. The search of the Defendant's vehicle was not justified by law and constituted a violation of the warrant clause of the Fourth Amendment to the United States Constitution.

### C. Appeal

On appeal, the State contended that the search of Appellee's Jeep was a valid search incident to arrest.[3] In the alternative, the State contended that the trial court's findings did not fully set out the basis for its ruling. As part of its factual recitation, the court of appeals stated that the search of

---

[2] In findings 12 and 13, the trial court stated, "Officer M. Martinez testified that the Defendant kept staring at his own vehicle while his person was being searched," and "Officer M. Martinez then walked towards the Defendant's vehicle and searched it."

[3] Although the search was of a vehicle, the State did not contend that the search should have been upheld under the "automobile exception" to the warrant requirement. *See United States v. Ross*, 456 U.S. 798, 825 (1982).

Appellee's person "disclosed two small baggies of cocaine hidden inside a package of cigarettes."[4] The appellate court then recited the trial court's findings regarding Appellee staring at his vehicle and Officer Martinez searching it.[5]

The court of appeals recognized that a search of a vehicle incident to arrest is valid when "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."[6] The court observed that the State was not contesting the trial court's finding that the vehicle was out of Appellee's reach at the time of the search.[7] Instead, the State contended that, once the cocaine in the cigarette package was discovered during the search of Appellee's person, he was effectively arrested for that offense, and it was reasonable to believe that evidence relevant to the drug possession offense would be found in Appellee's Jeep.[8]

The court agreed with the State that the trial court had impliedly held that the search of Appellee's person—yielding the cocaine in the cigarette package—was legal.[9] But the appellate court concluded that the legality of the search of Appellee's person was irrelevant because the question at issue was "whether there was a reasonable probability that the vehicle contained evidence

---

[4] *State v. Sanchez*, 501 S.W.3d 165, 167 (Tex. App.—Corpus Christi-Edinburg 2016).

[5] *Id. See also supra* n.2.

[6] *Sanchez*, 501 S.W.3d at 170 (quoting from *Arizona v. Gant*, 556 U.S. 332, 343 (2009)).

[7] *Id.*

[8] *Id.*

[9] *Id.*

relevant to the offense for which he was arrested."[10]  The court of appeals viewed the "offense of arrest" for search-incident-to-arrest purposes to be the traffic offenses for which there were outstanding warrants.[11]  Rejecting the notion that an offense based on possession of cocaine could qualify as the offense of arrest, the appellate court stated, "The State cites no authority where a search incident to arrest disclosed evidence of a new offense and that offense was retroactively deemed the reason for the arrest, and we have found none."[12]  The court of appeals further stated, "We have found no support for the State's argument that Sanchez was under arrest for possession of cocaine at the time Officer Martinez searched his vehicle.  To the contrary, the record before us supports the trial court's view that, at the time of the search, Sanchez was arrested only on the outstanding warrants for traffic violations."[13]

The court of appeals also held that the trial court's findings and conclusions were adequate for the purpose of evaluating the court's ruling.[14]  Having rejected the State's two complaints, the court of appeals affirmed the trial court's suppression order.[15]

## II. ANALYSIS

In *New York v. Belton*, the Supreme Court held that, once the occupant of a vehicle is lawfully arrested, the Fourth Amendment permits a warrantless search of the vehicle's passenger

---

[10]  *Id.*

[11]  *Id.* at 171.

[12]  *Id.*

[13]  *Id.*

[14]  *Id.* at 172.

[15]  *Id.*

compartment.[16]  In *Arizona v. Gant*, the Supreme Court limited *Belton*'s authorization to search a vehicle incident to arrest to two situations: (1) when the arrestee is unsecured and the area of the vehicle is within his immediate control, or (2) "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle."[17]  It is the second situation that concerns us today.

In recognizing this second situation, *Gant* adopted Justice Scalia's concurring opinion in *Thornton v. United States*.[18]  And the Court held that Justice Scalia's rule applied to the facts in *Thornton*: For many offenses, such as traffic violations, the Court indicated that it would not be reasonable to believe that evidence of the crime of arrest would be found in the vehicle, "[b]ut in others, including *Belton* and *Thornton*, the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein."[19]

In *Thornton*, a suspiciously-moving car prompted a police officer to run a license check, which revealed that the license tags did not match the model of the car to which they were attached.[20] Stopping the car and telling the driver that his license tags did not match the vehicle he was driving,

---

[16]  453 U.S. 454, 455, 463 (1981).

[17]  *Gant*, 556 U.S. at 335.  *See also id.* at 343, 346.

[18]  *Id.* at 335 ("Consistent with the holding in *Thornton v. United States*, and following the suggestion in Justice Scalia's opinion concurring in the judgment in that case, we also conclude that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.") (citations omitted, citing *Thornton v. United States*, 541 U.S. 615 (2004) and *id.* at 632 (Scalia, J., concurring)).

[19]  *Gant*, 556 U.S. at 344.

[20]  541 U.S. at 618.

the officer noticed that the driver was nervous and sweating.[21] After an agreed-to pat down and some questioning, the driver admitted that he possessed illegal narcotics and pulled three bags of marijuana and a bag of crack cocaine out of his pocket.[22] The officer then arrested him for possession of illegal drugs and searched the car.[23] The search revealed a handgun under the driver's seat.[24] In his concurrence, Justice Scalia suggested the rule that a search of a vehicle incident to arrest could be upheld "where it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."[25] Justice Scalia found the rule to be met in *Thornton* because the driver "was lawfully arrested for a drug offense" and "[i]t was reasonable for Officer Nichols to believe that further contraband or similar evidence relevant to the crime for which he had been arrested might be found in the vehicle from which he had just alighted and which was still within his vicinity at the time of arrest."[26]

In determining whether "it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle," the court of appeals seems to have taken the position that, once a law-enforcement officer arrests someone for an offense, the officer is forever limited to that offense for search-incident-to-arrest purposes—regardless of later events showing that another offense has been committed. That position is inconsistent with the basic notion that the reasonableness of an

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 632 (Scalia, J., concurring).

[26] *Id.*

officer's conduct is judged by all the information known to the officer at the time he acts.[27]

The court of appeals's position also seems to be at odds with the facts in *Thornton* and with the law associated with searches incident to arrest. As in the present case, *Thornton* involved three offenses (or groups of offenses): (1) the traffic offense or offenses that resulted in the defendant's seizure, (2) another offense or group of offenses discovered as a result of evidence found on the defendant's person, and (3) a third offense or group of offenses discovered in a search of the defendant's vehicle incident to arrest. In both cases, the first offenses involved traffic violations, and the second offenses involved illegal drugs. Given that both cases involved the discovery of illegal drugs on the defendant's person before the search of his vehicle, it would seem to follow that Justice Scalia's observation in *Thornton* applies to the present case: it was reasonable for the officer to believe that "further contraband or similar evidence relevant to the crime . . . might be found in the vehicle from which he had just alighted."

The differences between these cases seem to be on the formalities associated with arrest: when the arrest was formally made and what the arrest was formally for. But in both cases, probable cause to believe that the defendant committed the crime that justifies the search incident to arrest arose prior to the search incident to arrest. If an officer has probable cause to arrest, a search incident to arrest is valid if it is conducted before a formal arrest—at least if it is immediately before the

---

[27] *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."); *Florida v. J.L.*, 529 U.S. 266, 271 (2000) ("The reasonableness of official suspicion must be measured by what the officers knew before they conducted their search.").

arrest.[28]  The formalities associated with arrest do not seem to matter to the Supreme Court in the search-incident-to-arrest context as long as the arrest was close in time to the search and the requisite probable cause to arrest (that justifies the arrest and search) arose before the search.

And notwithstanding the court of appeals's failure to find authority, there are cases agreeing with our conclusion.  In *Owens v. Commonwealth*, the Supreme Court of Kentucky concluded that a fact situation like the one before us would permit a search of the defendant's vehicle incident to arrest under *Gant*:

> Although Thornton was initially stopped and arrested because of his suspended driver's license, the search of Thornton incident to that arrest revealed the presence of a suspected crack pipe.  His possession of the suspected crack pipe gave rise to another reason for Thornton to be arrested.  It was then reasonable for the arresting officer to believe that the vehicle Thornton was driving contained evidence of the offense of the *de facto* second offense giving rise to the arrest (*i.e.*, possession or trafficking in drugs).  The search of the vehicle, therefore, was permissible, both before and after *Gant*.[29]

In *United States v. Randolph*, the Eighth Circuit found no violation of *Gant* even though the defendant was first arrested for an offense different from the one that ultimately justified the search incident to arrest:

> Randolph contends that Bryant did not know that Randolph was a felon when he reached into the Monte Carlo, unlocked and opened the door, and inspected the gun.  According to Randolph's argument, he was under arrest only for failing to signal and for public consumption of alcohol.

* * *

---

[28]  *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

[29]  291 S.W.3d 704, 708 (Ky. 2009).  The reference to "Thornton" in *Owens* is to Chris Thornton, the driver of the vehicle in that case, not to be confused with the defendant in the *Thornton* case, whose name was Marcus Thornton.

After Bryant observed the gun and Miller confirmed that Randolph was a felon, the officers had probable cause to arrest and did arrest Randolph for possessing a firearm. Having observed a gun on the driver's side floorboard, Bryant completed a lawful search incident to arrest.[30]

We conclude that the court of appeals erred in holding that a search incident to arrest could not be justified by discovery of a different offense after arrest. As long as there is probable cause to arrest for the newly-discovered offense, and the search occurs close in time to the defendant's formal arrest, an officer may conduct a search incident to arrest on the basis of an offense discovered after formal arrest for a different crime.

We reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Delivered:     September 27, 2017

Publish

---

[30] 628 F.3d 1022, 1025-26 (8th Cir. 2011).