

IN THE
TENTH COURT OF APPEALS

No. 10-17-00038-CR

ZACHARIAH FERRIS HOUGHTALING,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F50658

MEMORANDUM OPINION

Zachariah Ferris Houghtaling was charged with the offense of possession of a controlled substance, 1 to 4 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017). He filed a motion to suppress the drug evidence which was denied. Houghtaling then pled guilty and was sentenced to 25 years in prison. Because the trial court did not err in denying Houghtaling's motion to suppress, the trial court's judgment is affirmed.

**BACKGROUND**

An unidentified woman called 911 in Johnson County and reported that she was

at County Road 511 and County Road 616 in rural Johnson County and that there was a white male in the roadway wearing a white plaid jacket waiving a gun around. She then reported that another white male joined the male with the gun. After the call was disconnected, the woman called back and reported that the men were walking toward her. She said that because she had her children in the car, she was going to go the other direction. Deputy Vance Johnson responded to the subsequent dispatch regarding the incident and, being somewhat close to the caller's location, came upon two white males—one of which was wearing a white plaid jacket—as they were walking down County Road 511.

After stopping his patrol unit and jumping out, Johnson pulled out his firearm and ordered the men to raise their hands and get on the ground. After the two men complied, Johnson asked Houghtaling, the man in the plaid jacket, about the gun. Houghtaling replied that he did not have a gun but had a hatchet. Johnson removed the hatchet, threw it to the side, and conducted a pat-down for more weapons. Finding no other weapons on Houghtaling, Johnson had the two men get up out of the street and sit on the side of the road where he began to pat-down the other man. The other man stated that he had a knife. As Johnson was looking for the knife, Houghtaling stood up and began pulling on a plastic baggy that was sticking partially out of his pants pocket. Before Houghtaling could do anything further, Johnson grabbed Houghtaling's hand and asked what Houghtaling was pulling out of his pocket. Johnson then pulled the baggy out of

Houghtaling's pocket and asked Houghtaling what was in the baggy. Houghtaling replied that it was his "dope." Johnson then took Houghtaling into custody.

**MOTION TO SUPPRESS**

Houghtaling's three issues on appeal relate to the trial court's denial of Houghtaling's motion to suppress the drug evidence seized. We review a motion to suppress evidence under a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). When the trial judge makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo, however, a trial judge's application of the law of search and seizure to the facts. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013).

*Anonymous Tip*

In his first issue, Houghtaling asserts that the anonymous 9-1-1 call did not give Deputy Johnson reasonable suspicion to detain Houghtaling.

Under the Fourth Amendment, a warrantless detention of a person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the

person detained is, has been, or soon will be engaged in criminal activity. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). This standard is an objective one that disregards the subjective intent of the officer and, instead, looks at whether the basis for detention was objectively justifiable. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). While only some minimal level of justification for the stop is needed, the officer must have more than an inarticulable hunch or mere good-faith suspicion that a crime is in progress. *Furr v. State*, 499 S.W.3d 872, 886 (Tex. Crim. App. 2016). It also looks to the totality of the circumstances which may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Derichsweiler v. State*, 348 S.W.3d at 914.

An officer's suspicion may be based on information provided by an anonymous tip, rather than the officer's own observations, if that tip exhibits "sufficient indicia of reliability." *See Alabama v. White*, 496 U.S. 325, 327, 332, 110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990). Although an anonymous tip alone will seldom provide the kind of reliability necessary to support a determination of reasonable suspicion to justify an investigatory stop, it may do so under appropriate circumstances. *See Navarette v. California*, ___ U.S. ___, 134 S. Ct. 1683, 1688, 188 L. Ed. 2d 680 (2014); *Yoon Chung v. State*, 475 S.W.3d 378, 383 (Tex. App.—Waco 2014, pet. ref'd).

Houghtaling points to *Florida v. J.L.*, 529 U.S. 266, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000), as support for his claim that Johnson did not have reasonable suspicion to detain

Houghtaling. In *J.L.*, the Supreme Court held that an anonymous tip that a person was carrying a gun was, without more, insufficient to justify a police officer's stop and frisk of that person. *Id*. at 274. The Court explained that reasonable suspicion required a tip to demonstrate knowledge of concealed criminal activity, not just tend to identify a certain individual. *Id*. at 272. The Court concluded that the tip, because it provided only a description of a subject, lacked the indicia of reliability, such as predictive information on which the police could test the informant's credibility, that is required to justify a stop and frisk. *Id*. at 274.

But this case is distinguishable from *J.L.* In this case, the caller used 9-1-1 as a means to notify the authorities that Houghtaling had a gun. The use of the 9-1-1 system is one of the relevant circumstances that, when taken together with other circumstances, justifies an officer's reliance on the information reported in the 9-1-1 call. *Navarette v. California*, 572 U.S. 393, 134 S. Ct. 1683, 1690, 188 L. Ed. 2d 680 (2014). Also, unlike in *J.L.*, the caller saw Houghtaling waiving a gun and walking toward her. She then decided to go the other direction because she had her children in the vehicle with her. This sort of eyewitness knowledge "lends significant support to the tip's reliability." *Id*. at 1689. Further, when the call was made, the location given was County Roads 511 and 616. Johnson was in the area and spotted Houghtaling only about a block away from the initial call location. This suggests that the caller reported the incident as soon as it occurred and weighs in favor of the tip's reliability. *See id*. (A tip that is contemporaneous with the

observation of criminal activity or made under the stress of excitement caused by a startling event weighs in favor of the caller's veracity.). The call did not simply tend to identify a certain individual.

Accordingly, under the totality of the circumstances, we find the indicia of reliability of the anonymous call in this case sufficient to provide Deputy Johnson with reasonable suspicion to detain Houghtaling. Houghtaling's first issue is overruled.

*Continued Detention*

In his second issue, Houghtaling contends his continued detention after the pat-down was conducted was not justified. Houghtaling seems to argue that when no gun was found in his possession, he should have been released.

An investigative detention based on reasonable suspicion must be temporary and last no longer than is necessary to effectuate the purpose of the detention. *See Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983). If an investigative stop continues indefinitely, at some point it can no longer be justified as an investigative stop. *United States v. Sharpe*, 470 U.S. 675, 685, 105 S. Ct. 1568, 1575, 84 L. Ed. 2d 605 (1985). But case law imposes no rigid time limitation, and common sense and ordinary human experience must govern over rigid criteria. *Id*. Further, if the officer develops reasonable suspicion during a valid detention that the detainee is engaged in criminal activity, prolonged or continued detention is justified. *See Haas v. State*, 172 S.W.3d 42, 52 (Tex. App.—Waco 2005, pet. ref'd).

The purpose of the detention was to investigate the 9-1-1 call. Although Houghtaling was the person the caller saw waving the gun and advancing toward her vehicle, she also saw another person with Houghtaling. It was not unreasonable for Deputy Johnson to pat down Houghtaling's companion in an attempt to locate the gun after the pat down of Houghtaling was fruitless. Further, it does not appear in the record that the detention continued for an excessive amount of time. Before Johnson was finished with the companion's pat-down, Houghtaling stood up and began pulling on the plastic baggy in his pocket. The entire encounter, from the initial stop to Houghtaling's arrest lasted approximately four minutes. Thus, based on the facts in this record, Houghtaling's detention lasted no longer than necessary and continued to be justified. Houghtaling's second issue is overruled.

*Search*

In his third and final issue, Houghtaling contends Deputy Johnson was not entitled to pull the plastic baggy out of Houghtaling's pocket because the deputy did not have a warrant, did not have consent, and did not meet any exceptions to the warrant requirement. The State argues that Johnson had probable cause to arrest Houghtaling for public intoxication, and thus, the removal of the plastic baggy from Houghtaling's pocket was a search incident to an arrest and an exception to the warrant requirement.[1]

---

[1] The State does not contest Houghtaling's claim in this issue that the deputy did not have a warrant and did not obtain Houghtaling's consent to remove the baggy.

Probable cause for an arrest exists when facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). Once an officer has probable cause to arrest, he may lawfully conduct a search incident to that arrest. *See State v. Sanchez*, 538 S.W.3d 545, 550 (Tex. Crim. App. 2017). The fact that a search incident to an arrest precedes a formal custodial arrest by a few moments is of no consequence. *See id.*; *Williams v. State*, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986). Further, it is of no consequence that the defendant is convicted of a different offense than the offense for which the officer has probable cause to arrest prior to a search. *See Williams v. State*, 726 S.W.2d 99, 100-101 (Tex. Crim. App. 1986) (search after probable cause to arrest for parking violation valid; convicted of unlawfully carrying a handgun).

A person commits the offense of public intoxication if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another. TEX. PENAL CODE ANN. § 49.02(a) (West 2011). A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. art. 14.01(b) (West 2015). Deputy Johnson testified at the suppression hearing that when he approached Houghtaling, Houghtaling had rapid eye-movement and speech, seemed as if he could not control his arms and waved his arms

around, and looked paranoid. To Johnson, Houghtaling appeared to be under the influence of something. Johnson further testified that he had previously investigated the offense of public intoxication and after viewing Houghtaling's actions, Johnson determined he was investigating that offense and felt Houghtaling was a danger to himself or others. Thus, based on his testimony, Johnson had probable cause to arrest Houghtaling for public intoxication and the search conducted was justified as a search incident to an arrest. *See Williams v. State*, 726 S.W.2d 99, 100-101 (Tex. Crim. App. 1986).

Houghtaling's third issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 15, 2018
Do not publish
[CRPM]

