**Affirmed and Plurality, Concurring, and Dissenting Opinions filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00493-CR

---

**PAUL CRAIG SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 11**
**Harris County, Texas**
**Trial Court Cause No. 2095430**

---

### CONCURRING OPINION

The plurality holds that when a person is arrested on a misdemeanor traffic violation, the person can be subjected to a battery of field sobriety tests, even if those tests are administered two hours after the arrest. There are gaps in the plurality's analysis. I would add the following two points.

First, under our statutory law, an officer has only two options when a misdemeanor traffic arrest is made: (1) release the person if he signs a written

promise to appear in court, or (2) immediately bring the person before a magistrate. *See* Tex. Transp. Code §§ 543.002–.003; *see also Azeez v. State*, 248 S.W.3d 182, 189–90 (Tex. Crim. App. 2005) (discussing these statutes).

Second, under our case law, an officer may continue the person's detention if the continued detention is supported by reasonable suspicion of other criminal activity. *See Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017) ("A seizure justified only by a traffic violation becomes unlawful if prolonged beyond the time reasonably required to conduct the traffic stop. Thus, continuing a brief investigatory detention beyond the time necessary to conduct a traffic stop requires reasonable suspicion of criminal activity apart from the traffic violation."); *see also State v. Sanchez*, 538 S.W.3d 545, 551 (Tex. Crim. App. 2017) (after a person's arrest for a traffic violation, an officer may conduct a search for evidence of a newly-discovered drug offense if the officer has probable cause that the drug offense was committed); *Medina v. State*, 565 S.W.3d 868, 877 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (same).

The evidence in this case showed that appellant was not released upon a written promise to appear in court for a traffic violation, or that he was immediately brought before a magistrate to answer for a traffic violation. Instead, appellant was transported to "central intox," and his vehicle was inventoried and towed away. The evidence accordingly established that the traffic investigation was over, and that appellant was then taken into custody for driving while intoxicated.

The plurality only considers whether the officer had probable cause to arrest appellant for the traffic violation. Although I agree with the plurality's conclusion with regards to that question (and even despite the officer's testimony that he did not complete an arrest), this court should also consider whether the officer had probable cause to arrest appellant for driving while intoxicated, even before appellant was

2

transported to central intox. As to that question, I believe that the answer is clearly "yes," and that the officer did so arrest appellant.

Before transporting appellant to central intox, the officer was aware of the following facts: (1) appellant committed three traffic violations; (2) appellant continued to drive for almost a mile before stopping, even though the officer had activated his emergency lights and siren; (3) appellant was slow to respond to a request for his driver's license and proof of financial responsibility; (4) appellant smelled of alcohol; (5) appellant's eyes were glassy; (6) appellant slurred his speech; and (7) appellant swayed on his feet when he stepped out of his vehicle. These facts are more than sufficient to establish probable cause for driving while intoxicated. *See State v. Ballard*, 987 S.W.2d 889, 891, 893 n.4 (Tex. Crim. App. 1999).

The absence of field sobriety tests does not defeat a finding of probable cause. It has long been the rule in Texas that even a lay witness can testify that a person is intoxicated based on what the lay witness observed. *See Ritchie v. State*, 296 S.W.2d 551, 553 (Tex. Crim. App. 1956). In fact, lay testimony may be the only evidence to support a conviction. *See Vaughn v. State*, 493 S.W.2d 524, 525–26 (Tex. Crim. App. 1972) (the evidence was sufficient because there was testimony that the defendant was weaving on the road, the defendant's eyes were bloodshot, and the defendant said that he had been drinking); *McCown v. State*, 192 S.W.3d 158, 165 (Tex. App.—Dallas 2006, pet. ref'd) (the evidence was sufficient even though the defendant refused to perform a field sobriety test); *see also Perkins v. State*, 19 S.W.3d 854, 857–58 (Tex. App.—Waco 2000, pet. ref'd) (the defendant "did fine on the sobriety tests" and yet the defendant was still convicted).

The record supports an implied finding that there was an arrest for driving while intoxicated, supported by probable cause, before appellant was transported to central intox. Because appellant was already under arrest when he arrived at central

3

intox, there was no unconstitutional seizure of his person as he waited for the field sobriety tests to be administered. Accordingly, the trial court did not abuse its discretion by denying the motion to suppress.

I concur in the court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot. (Frost, C.J., plurality). (Bourliot, J., dissenting).

Publish — Tex. R. App. P. 47.2(b).