

# NUMBER 13-19-00258-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JAKE FLORES,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Hinojosa**

Appellant Jake Flores appeals his conviction for possession of a controlled substance in penalty group one in an amount of more than one gram but less than four grams, a third-degree felony enhanced for punishment by Flores's prior felony conviction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Flores pleaded guilty pursuant to a

plea-bargain agreement, and the trial court sentenced him to five years' imprisonment. In one issue, Flores argues that the trial court erred in denying his pretrial motion to suppress evidence obtained during a traffic stop. We affirm.

## I.   BACKGROUND

A grand jury returned an indictment charging Flores with "knowingly possess[ing], with intent to deliver, a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams" and with having a prior felony conviction. *See id*. §§ 481.102(d), 481.115(d). Flores filed a motion to suppress evidence obtained during a traffic stop of a vehicle occupied by Flores, arguing that the evidence was obtained in violation of the Fourth Amendment. *See* U.S. CONST. amend. IV.

Nixon Police Department Officers Aaron Shaw and Donna Rupert testified at the suppression hearing. According to their testimony, Officer Shaw initiated a traffic stop after observing a vehicle fail to signal the proper distance before turning. *See* TEX. TRANSP. CODE ANN. § 545.104(b). Upon approaching the vehicle, Officer Shaw asked the four occupants for their identification. Officer Rupert arrived at the scene as Officer Shaw was making contact with the driver. Officer Rupert stated that the driver of the vehicle and its three passengers, which included Flores, were known users of narcotics and the vehicle was coming from an area known for narcotic activity. Officer Rupert observed that the occupants of the vehicle appeared nervous. She stated that Flores was "very fidgety" and that he kept "messing with his jacket."

When Officer Shaw went to his patrol vehicle to check for outstanding warrants, Officer Rupert shared that she believed there were narcotics in the vehicle. Officer Shaw

2

returned to the vehicle and issued a citation to the driver for driving without motor vehicle insurance. *See id.* § 601.051. Officer Shaw then asked for the driver's consent to search the vehicle, which she provided.

After everyone exited the vehicle, Officer Shaw conducted a search and immediately observed a black pouch on the floorboard in the back seat. Officer Shaw found a glass pipe and two individual plastic baggies containing a white crystal-like substance inside the pouch. Officer Shaw believed the substance to be methamphetamine. He noted that the pouch was within reach of everyone in the vehicle. Therefore, he concluded that he had probable cause to arrest all the vehicle's occupants. Officer Shaw first placed the occupant sitting closest to the pouch in handcuffs. He then searched the persons of the remaining occupants. When Officer Shaw searched Flores, he found several individual plastic baggies in his jacket pocket containing what Officer Shaw believed to be methamphetamine. A video of the traffic stop was admitted into evidence.

The trial court signed an order denying the motion to suppress, and it later issued the following findings of fact and conclusions of law:

### I. Findings of Fact

1. The vehicle in which the defendant was the front seat passenger committed the traffic offense of failing to signal proper distance before turning.

2. All of the vehicle's passengers, with the exception of the driver, appeared to be very nervous.

3. Officer Shaw issued a warning for the traffic violation and a citation for not having insurance on the vehicle.

4. As Officer Shaw handed the driver the citation, Officer Shaw asked for consent to search the vehicle.

5. The driver provided free and voluntary consent without delay to the search of the vehicle.

6. The defendant was not physically detained or otherwise told he was not free to leave.

7. Upon searching the vehicle Officer Shaw immediately found a small black makeup bag that contained a pipe used to smoke methamphetamine and two small baggies containing methamphetamine.

8. Officer Shaw and Officer Ruppert have sufficient training and experience to identify methamphetamine.

9. The bag containing the methamphetamine was within reach of all of the vehicle's occupants.

10. All of the vehicle's occupants, including the defendant, were searched.

11. Officer Shaw located a clear plastic bag containing methamphetamine and twelve smaller bags all containing methamphetamine in the defendant's front jacket pocket.

12. The defendant was arrested for possession of a controlled substance with intent to deliver.

13. The driver never withdrew her consent to search the vehicle.

14. The court finds Officer Shaws's [sic] testimony to be credible in all respects.

15. The court finds Officer Ruppert's [sic] testimony to be credible in all respects.

## II. Conclusions of Law

1. Officer Shaw had reasonable suspicion and probable cause to stop the vehicle for a traffic violation.

2. The search of the vehicle was justified by the driver's free and

4

voluntary consent to the search.

3. The defendant was never unlawfully detained.

4. Because the methamphetamine found in the vehicle was within close proximity to the defendant there was probable cause to arrest the defendant for possession of a controlled substance.

5. The search of the defendant was a proper search incident to arrest and Officer Shaw had probable cause to search the defendant.

After the trial court's ruling, Flores pleaded guilty pursuant to a plea bargain agreement to the lesser offense of possessing a controlled substance in penalty group one in an amount greater than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). The trial court sentenced Flores to five years' imprisonment and certified Flores's right to appeal its order denying the motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02.

## II. DISCUSSION

In his sole issue, Flores argues that the trial court erred in denying his motion to suppress because "[t]he warrantless search of the [] vehicle was an illegal detention/search[.]" Specifically, Flores argues that the driver of the vehicle withdrew her consent to search the vehicle at some point during the traffic stop. Flores also argues that the search of his person was not supported as a search incident to arrest "because there was no arrestable offense for [Flores.]"

## A. Standard of Review & Applicable Law

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review, giving "almost total deference" to a trial court's determination of historical facts and mixed questions of law and fact that rely upon the credibility of a

5

witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). When a trial judge makes written findings of fact, as here, we examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record. *Baird v. State*, 398 S.W.3d 220, 226 (Tex. Crim. App. 2013). We then proceed to a de novo determination of the legal significance of the facts as found by the trial court. *Id*. We will uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *Young v. State*, 283 S.W.3d 854, 873 (Tex. Crim. App. 2009).

Pursuant to the Fourth Amendment, a warrantless search of either a person or property is considered per se unreasonable subject to a few specifically defined and well-established exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). When a warrantless search is at issue, the State carries the burden in a motion to suppress to establish applicable exceptions to the warrant requirement. *See id*. Established exceptions include the consent exception, the exigency exception, the automobile exception,[1] the search-incident-to-arrest exception, and the special-needs exception. *State v. Rodriguez*, 521 S.W.3d 1, 10 (Tex. Crim. App. 2017). Under the Texas exclusionary rule, "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any

---

[1] "Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband" *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). The State does not rely on the automobile exception as justification for Officer Shaw's search of the vehicle.

criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *see Miles v. State*, 241 S.W.3d 28, 35 (Tex. Crim. App. 2007).

**B.     Consent**

Flores first argues that the driver of the vehicle withdrew her consent to search prior to Officer Shaw's discovery of narcotics in the vehicle. Flores maintains that Officer Shaw's continued search following the driver's revocation of consent was a violation of the Fourth Amendment.

Consent is a recognized exception to the Fourth Amendment's warrant requirement. *Blue v. State*, 591 S.W.3d 255, 258 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see Gutierrez v. State*, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007). Once a traffic stop is completed, an officer may ask the occupants of the vehicle whether they possess contraband and may further request consent to search without having reasonable suspicion; if the request for consent is denied, then the officer may not detain the occupants any longer without reasonable suspicion of criminal activity. *See Ohio v. Robinette*, 519 U.S. 33, 37 (1996); *Simpson v. State*, 29 S.W. 3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see also Hammons v. State*, No. 13-15-00419-CR, 2017 WL 219114, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 19, 2017, pet. ref'd) (mem. op., not designated for publication). "To constitute a valid waiver of Fourth Amendment rights through consent, a suspect's consent to search must be freely and voluntarily given." *State v. Villarreal*, 475 S.W.3d 784, 799 (Tex. Crim. App. 2014). "An additional necessary element of valid consent is the ability to limit or revoke it." *Id*.

Here, the trial court found that "[t]he driver provided free and voluntary consent

without delay to the search of the vehicle." The trial court further found that "[t]he driver never withdrew her consent to search the vehicle." The trial court's findings are supported by the record. Both officers testified that the vehicle's driver never withdrew her consent to search the vehicle. Officer Rupert further testified that when questioned by the driver, Officer Rupert informed her that it was the driver's sole decision whether to consent. The video evidence supports the officers' testimony.

We find support in the record for the trial court's finding that the vehicle's driver did not withdraw her consent to search. Affording the proper deference to that finding, we conclude that the trial court did not err in concluding that Officer Shaw's search of the vehicle was justified by an exception to the Fourth Amendment's warrant requirement. *See Martinez*, 348 S.W.3d at 922.

## C.      Search Incident to Arrest

Next, Flores argues that the search of Flores's person was not a proper search incident to arrest because the officers did not have probable cause to arrest Flores based on the discovery of methamphetamine in the vehicle he occupied.

Police officers may search an arrestee incident to a lawful arrest, which is an arrest supported by probable cause. *State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014); *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). Probable cause exists if, at the time the arrest is made, the facts and circumstances within the arresting officer's knowledge, or of which the officer has reasonably trustworthy information, are sufficient to warrant a prudent person to believe that the arrested person had committed or was committing an offense. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App.

8

2009). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Id*.; *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). A finding of probable cause requires more than bare suspicion but less than would justify conviction. *Amador*, 275 S.W.3d at 878. "If an officer has probable cause to arrest, [then] a search incident to arrest is valid if it is conducted before a formal arrest—at least if it is immediately before the arrest." *State v. Sanchez*, 538 S.W.3d 545, 550 (Tex. Crim. App. 2017).

Flores does not challenge the trial court's finding that a bag of methamphetamine was found inside the vehicle and "was within reach of all of the vehicle's occupants." The United States Supreme Court addressed a similar scenario in *Maryland v. Pringle*, 540 U.S. 366 (2003). In that case, the driver of a vehicle in which Joseph Pringle was a passenger consented to a search of the car. *Id*. at 368. The police found cocaine between the armrest and the back seat of the car and arrested all three of the vehicle's occupants. *Id* at 368–69. Later, Pringle admitted to police that he owned the cocaine. *Id*. Pringle moved to suppress his statement as the fruit of an illegal arrest. *Id*. at 369.

The Supreme Court held there was probable cause to arrest Pringle even though the police had no other information specifically showing that Pringle himself had knowledge, dominion, or control of the drugs:

> We think it an entirely reasonable inference from these facts that any or all of the occupants had knowledge of, and exercised dominion and control over the cocaine. Thus a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of

cocaine, either solely or jointly.

*Id.* at 372.

Similarly, Officer Shaw discovered methamphetamine in the passenger compartment within reach of each of the vehicle's occupants. The officers could have reasonably inferred from this fact that Flores committed the crime of possession of a controlled substance. Therefore, we conclude that the officers had probable cause to arrest Flores. *See id.*; *Amador*, 275 S.W.3d at 878; *see also Johnson v. State*, No. 10-06-00309-CR, 2008 WL 2055422, at *3 (Tex. App.—Waco May 14, 2008, no pet.) (mem. op., not designated for publication) ("Although Johnson's mere presence in the car that the police had probable cause to suspect contained contraband did not, in and of itself, give the police the right to also search Johnson, the police could search him after the marihuana was identified and he was arrested."). Accordingly, the trial court did not err in concluding that the search of Flores's person was incident to a lawful arrest. *See Granville*, 423 S.W.3d at 410.

## D.    Summary

Having rejected each of Flores's arguments, we overrule his sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of February, 2021.

10