**Opinion issued January 9, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00643-CR
_____

### JASON MICHAEL BADYRKA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 20-CR-2912**

---

## MEMORANDUM OPINION

Jason Michael Badyrka was arrested on a parole-violation warrant. In connection with that arrest, the officer patted Badyrka down and found some unprescribed medication. The officer then searched Badyrka's vehicle and discovered more illegal drugs. Badyrka moved to suppress the drugs found in his

vehicle, contending the vehicle search was not a valid (1) search incident to arrest or (2) inventory search. After the trial court denied the motion to suppress, Badyrka pleaded guilty to felony possession of a controlled substance.[1] Consistent with Badyrka's agreement with the State, the trial court sentenced Badyrka to nine years' imprisonment and certified his right to appeal the pretrial suppression ruling. Because we conclude the trial court did not err by denying the motion to suppress, we affirm.

## Background

League City police officer S. Perez responded to a trespass complaint at a rental house. The owner of the house reported that unauthorized vehicles were parked in the driveway, including a truck owned by H. Harkey. Because Officer Perez had responded to other calls at the residence, he was familiar with Harkey and her vehicle and knew that a temporary order prohibited Harkey from being there.

When Officer Perez arrived, he saw two vehicles in the driveway—Harkey's truck and a black GMC Yukon. A man who identified himself as Badyrka was standing "right beside" the Yukon. Badyrka told Officer Perez that he and Harkey had stayed the previous night at the residence, but Harkey had since left.

Officer Perez asked Badyrka for his identification and discovered an active warrant for Badyrka's arrest because of a parole violation. Based on that warrant,

---

[1]    *See* TEX. HEALTH & SAFETY CODE § 481.115(d).

Officer Perez handcuffed and arrested Badyrka. Officer Perez did not give Badyrka his *Miranda*[2] warnings before asking him questions, including about the Yukon. Badyrka responded that the Yukon was his.

Before placing Badyrka in his patrol car, Officer Perez patted Badyrka down and found a baggie containing pills that Badyrka said were Clonazepam. Badyrka admitted that he did not have a prescription for the pills. Officer Perez warned Badyrka that his vehicle would be searched and asked if there was "anything else in the [Yukon]." Badyrka said, "Shit." Then, when asked again, he answered that he had thrown a black container with "fake Adderall or something like that" into the Yukon's left rear window when he saw Officer Perez's patrol car pull up. While explaining to Officer Perez how he got the Adderall, Badyrka also mentioned some Fentanyl patches.

With Badyrka restrained in his patrol car, Officer Perez and another officer searched the Yukon. They found a backpack containing drug paraphernalia. They also found Fentanyl patches and the black container Badyrka had disclosed to Officer Perez, which contained pills. In total, the drugs found in the Yukon consisted of "18 doses of amphetamine pills," "one dose of Adderall," six unidentified pills described as "colorful" and "possibly MDMA," and two Fentanyl patches.

---

[2]    *See Miranda v. Arizona*, 384 U.S. 436, 441 (1966).

A grand jury indicted Badyrka for possession of between four and 200 grams of a controlled substance. The indictment included nine enhancement paragraphs.

Badyrka moved to suppress his un*Mirandized* statements to Officer Perez. At the hearing on his motion, Badyrka argued that the physical evidence found in the Yukon should also be suppressed as "fruit of the poisonous tree." He asserted there was no legal basis for a warrantless search of the Yukon based on his arrest for parole violations. The trial court suppressed Badyrka's post-arrest statements but otherwise denied the motion.

Later, under a plea agreement, Badyrka pleaded guilty to the charged offense, the State abandoned the enhancement allegations, and the trial court assessed the agreed nine-year sentence. The trial court certified Badyrka's right to appeal the suppression ruling.

**Standard of Review**

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of the historical facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). During a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses. *See Valtierra*, 310 S.W.3d at 447; *Kinnett v. State*, 623 S.W.3d 876, 912 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). The trial court

is entitled to believe or disbelieve all or part of a witness's testimony, even if uncontroverted, because the trial court can observe the witness's demeanor and appearance. *Valtierra*, 310 S.W.3d at 447; *Kinnett*, 623 S.W.3d at 912. When the trial court does not make findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implied findings that support its ruling if those findings are supported by the record. *Valtierra*, 310 S.W.3d at 447.

Second, we review a trial court's application of the law to the facts de novo. *Id.* We will sustain the trial court's ruling if the decision is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

**Motion to Suppress**

Badyrka argues that the trial court erred by not suppressing the physical evidence found in the Yukon because there was no basis for the warrantless search. The State responds that the search was lawful as a search incident to arrest, as an inventory search, and under the automobile exception to the warrant requirement. Because it is dispositive, we consider only the search incident to arrest exception. *See* TEX. R. APP. P. 47.1.

The Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution protect against unreasonable searches and

5

seizures.[3] U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *see Atkins v. State*, 882 S.W.2d 910, 912 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Warrantless searches are per se unreasonable unless the State proves that the search was conducted under a recognized exception to the warrant requirement. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)).

Relevant here, officers may search a vehicle incident to arrest in two situations: (1) when the arrestee is unsecured and the area of the vehicle is within his immediate control, or (2) "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Gant*, 556 U.S. at 335; *see Moskey v. State*, 333 S.W.3d 696, 702 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In the second situation, officers are not limited to the original offense for which the person was arrested. *State v. Sanchez*, 538 S.W.3d 545, 549 (Tex. Crim. App. 2017) (finding argument that "officer is forever limited to [the original] offense for" search incident to arrest purposes "inconsistent with the basic notion that . . . an officer's conduct is

---

3 When an appellant does not separately brief state and federal constitutional claims, we assume that he claims no greater protection under the state constitution than that provided by the federal constitution. *See Reed v. State,* 308 S.W.3d 417, 419 n.3 (Tex. App.—Fort Worth 2010, no pet.); *Varnes v. State,* 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Therefore, we analyze Badyrka's claims under the Fourth Amendment of the United States Constitution, following guidelines set by the United States Supreme Court in interpreting the Fourth Amendment. *See State v. Guzman,* 959 S.W.2d 631, 633 (Tex. Crim. App.1998).

judged by all the information known to the officer at the time [they] act."). When there is probable cause to arrest a person for a newly discovered offense, and the search occurs close in time to the person's formal arrest, an officer may conduct a search incident to arrest based on an offense discovered after formal arrest for a different crime. *Id.* at 551; *see State v. Sanchez*, No. 13-15-00288-CR, 2018 WL 1633571, at *3 (Tex. App.—Corpus Christi-Edinburg Apr. 5, 2018, no pet.) (mem. op., not designated for publication) ("[T]he discovery of drugs on [defendant], after he was arrested on traffic warrants but before his Jeep was searched, supplied a new basis for arrest that justified a search incident to arrest of his Jeep.").

Badyrka asserts that the first situation justifying a search incident to arrest is not implicated here. The State does not dispute that Badyrka was handcuffed, in the patrol car, and not within reaching distance of the Yukon when it was searched. We agree that because Badyrka was in police custody before and during the search of the Yukon, officers could not have a reasonable belief that he could reach into the Yukon to destroy evidence or grab a weapon. *See McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) ("A search incident to arrest permits officers to search a defendant, or areas within the defendant's immediate control, to prevent the concealment or destruction of evidence.").

Our concern is the second situation. As to it, Badyrka asserts that Officer Perez could not have expected to find evidence of a crime in the Yukon after arresting him for parole violations. On this point, we disagree.

Badyrka cites two cases for support: *Arizona v. Gant* and *Knowles v. Iowa*. In *Gant*, the defendant was arrested on a warrant for driving with a suspended license. *See* 556 U.S. at 336. After the defendant was handcuffed and placed in the back of a patrol car, the officers searched his vehicle and found cocaine in the pocket of a jacket on the backseat. *Id.* In *Knowles*, the officer cited the defendant for speeding rather than arresting him. *See* 525 U.S. 113, 114 (1998). The officer searched the vehicle after issuing the citation, and under the driver's seat he found a bag of marijuana and a "pot pipe." *Id.* The defendant was arrested and charged with violation of state laws dealing with controlled substances. *Id.* Both cases are distinguishable because the only offense known to the officers at the time of the search were traffic violations. Probable cause to arrest the defendants for a newly discovered offense was not discovered before the searches.

But here, the officer discovered multiple offenses as the interaction progressed: (1) the parole violation resulting in Badyrka's arrest, (2) a second offense discovered because of the unprescribed Clonazepam found on his person, and (3) a third offense discovered in the search of the Yukon incident to arrest. *See, e.g.*, TEX. HEALTH & SAFETY CODE §§ 481.115(d) (making it a second-degree felony

8

to possess a controlled substance in an amount between four and 200 grams), 481.117(a) (making it an offense to possess a controlled substance listed in Penalty Group 3 without a valid prescription); *see also id.* § 481.104(a)(2) (listing Clonazepam as a Penalty Group 3 substance).

For this reason, *State v. Sanchez* is more instructive. There, the officer observed a Jeep parked on a grassy area next to a bar, with the driver's door open and the engine turned off. 538 S.W.3d at 546. The officer found the defendant asleep in the driver's seat. *Id.* After the officer woke the defendant up and checked his identity, she discovered that he had several traffic warrants for his arrest. *Id.* She arrested him on the traffic warrants. *Id.* During a search of the defendant's person, the officer discovered a cigarette box containing two small baggies of a white powdery substance that, in her experience, appeared to be cocaine. *Id.* After discovering the baggies, the officer searched the Jeep and found another baggie of what appeared to be cocaine. *Id.* at 547. A field test for cocaine gave a positive result. *Id.*

The court of appeals concluded that the search of the defendant's Jeep was unreasonable because the traffic offenses for which there were outstanding warrants were the "offense of arrest" for purposes of the search incident to arrest, not the possession of cocaine. *Id.* at 548. But the Texas Court of Criminal Appeals reached a different conclusion. It held that "[a]s long as there is probable cause to arrest for

9

the newly[] discovered offense, and the search occurs close in time to the defendant's formal arrest, an officer may conduct a search incident to arrest on the basis of an offense discovered after formal arrest for a different crime." *Id.* at 551.

That is the situation here. Officer Perez arrested Badyrka after discovering his warrant for parole violations. For safety reasons, Officer Perez searched Badyrka's person after taking him into custody but before placing him in the patrol car. That search, which Badyrka does not contest, turned up a baggie of unprescribed Clonazepam. *See McGee*, 105 S.W.3d at 615 (a person may be searched after a lawful arrest). Badyrka's possession of unprescribed Clonazepam gave rise to another reason for Badyrka to be arrested. Thus, even if Officer Perez could not have a reasonable belief that evidence of the parole violation could be found in the Yukon, it was reasonable for Officer Perez to believe that the vehicle Badyrka admitted belonged to him, which he was standing "right beside," and which he admitted he threw something into as Officer Perez arrived on scene, contained evidence of the possession offense. *See, e.g.*, *Horton v. State*, Nos. 14-08-00786-CR & 14-08-00804-CR, 2010 WL 2195456, at *5 (Tex. App.—Houston [14th Dist.] June 3, 2010, pet. ref'd).

To the extent that Badyrka argues that we cannot consider his unwarned statements in determining whether Officer Perez could reasonably believe that evidence of the offense might be found in the Yukon, we note that argument relies

10

on "the premise that a *Miranda* violation (a potential Fifth Amendment violation) can lead to the exclusion of evidence—other than the unwarned statements—under [the state exclusionary rule contained in Code of Criminal Procedure] Article 38.23 or the Fourth Amendment." *Wells v. State*, 611 S.W.3d 396, 406 (Tex. Crim. App. 2020); *see also United States v. Patane*, 542 U.S. 630, 636–37 (2004). The United States Supreme Court and the Texas Court of Criminal Appeals have expressly rejected this avenue for relief. *Patane*, 542 U.S. at 636–37; *Wells*, 611 S.W.3d at 406 (citing *Baker v. State*, 956 S.W.2d 19, 24 (Tex. Crim. App. 1997)). Further, even though a statement taken in violation of *Miranda* must be suppressed at trial, other evidence later obtained because of that statement—the "fruits" of the statement—need not be suppressed. *Wells*, 611 S.W.3d at 406. "The fruits of a defendant's statement need only be suppressed when the statement is obtained through actual coercion," which Badyrka has not alleged and we do not discern from the record. *Id.*; *Baker*, 956 S.W.2d at 22.

Accordingly, we hold that the trial court did not err by denying Badyrka's motion to suppress the evidence obtained from the search of the Yukon. We overrule Badyrka's first issue.[4]

---

[4] Given this disposition, we need not reach Badyrka's second issue challenging the search of his vehicle on an alternative basis. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).